**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

IN RE: SUPERVALU, INC.             Civil Action No. 02-CV-1738 (JNE/JGL)
SECURITIES LITIGATION

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 5, 2004, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of May 3, 2004 and accompanying exhibits (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that the contributions to the Settlement Proceeds are fair and that said Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Defendants.

5. The Court finds that the Stipulation and the Settlement are fair, just, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and the settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the terms of the Stipulation.

6. Upon the Effective Date hereof, the Lead Plaintiffs, Representative Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Representative Plaintiffs' Counsel from all claims, arising out of, in any way relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

8. "Settlement Class" means all Persons who purchased or otherwise acquired shares of the common stock of Supervalu between July 12, 1999 and June 25, 2002, inclusive and who continued to hold some or all of such stock as of June 26, 2002. Excluded from the Settlement Class are Supervalu, the Individual Defendants, members of the immediate families of the

Individual Defendants, directors and officers of Supervalu and the legal representatives, heirs, successors, or assigns of any such excluded Person. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the "Notice of Pendency and Settlement of Class Action" sent to potential Settlement Class Members.

9. With respect to the Settlement Class, this Court finds and concludes on the proceedings herein, including the Stipulation of Settlement, that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class; (d) the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

10. The provisions of the Notice of Pendency and Settlement of Class Action provided to the Settlement Class as evidenced in the affidavits filed in accordance with this Court's preliminary order was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through

reasonable effort. The provision of such Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

11.     Any court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

13.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; (b) disposition of the Settlement Proceeds and Net Settlement Proceeds; (c) hearing and determining applications for attorneys' fees, costs and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purposes of construing, enforcing, and administering the Stipulation.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all findings and orders entered (including those respecting any class certifications) and any releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, as if the Stipulation had never existed.

16. Now therefore, it is adjudged that all claims against Defendants are dismissed with prejudice, without costs to any party except as provided herein, that all Settlement Class Members are barred and enjoined from pursuing any Released Claims against any Released Person, and the Clerk of this Court is ordered to enter judgment accordingly. A separate order of the Court will address Plaintiffs' Motion for Attorneys Fees and Expenses.

IT IS SO ORDERED.


DATED: August 17, 2004         S/ Joan N. Ericksen
                               JOAN N. ERICKSEN
                               UNITED STATES DISTRICT JUDGE


Submitted by:

CAULEY GELLER BOWMAN
 & RUDMAN, LLP

S. GENE CAULEY
J. ALLEN CARNEY
RANDALL K. PULLIAM
MELISSA BEARD GLOVER
11001 Executive Center Drive, Suite 200
Little Rock, AR 72211
Telephone: 501/312-8500

SCHIFFRIN & BARROWAY, LLP
ANDREW L. BARROWAY
MICHAEL K. YARNOFF
KAY E. SICKLES
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

**Lead Plaintiffs' Counsel**

REINHARDT WENDORF & BLANCHFIELD
GARRETT D. BLANCHFIELD
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101

ZIMMERMAN REED, P.L.L.P.
CAROLYN G. ANDERSON, #275712
ROBERT C. MOILANEN, #74263
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**Co-Liaison Counsel for Plaintiffs**

DORSEY & WHITNEY LLP
RICHARD B. SOLUM
PETER CARTER
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

**Counsel for Defendants**