UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

IN RE: SUPERVALU, INC.
SECURITIES LITIGATION

Civil Action No. 02-CV-1738 (JNE/JGL)

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiffs, by their attorneys, respectfully submit this Memorandum of Law in support of its Motion for Distribution of Net Settlement in the above captioned litigation and move the Court for an Order authorizing: (1) payment of any outstanding administrative expenses; (2) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein; and (3) authorizing distribution of the Net Settlement Fund.

BACKGROUND

On May 3, 2004, Lead Plaintiffs Acadian Asset Management and John McConnel, on behalf of themselves and the Settlement Class, and Defendant Supervalu, Inc. ("Supervalu") and Individual Defendants Michael W. Wright, Jeffrey Noddle and Pamela K. Knous (collectively referred to hereinafter as the "Defendants"), by and through their respective counsel entered into a Stipulation of Settlement (the "Stipulation"). The Stipulation provided for the settlement of this action on behalf of a Settlement Class consisting of all Persons who purchased or otherwise acquired shares of the common stock of Supervalu between July 12, 1999 and June 25, 2002, inclusive and

who continued to hold some or all of such stock as of June 26, 2002. Excluded from the Settlement Class are Supervalu, the Individual Defendants, members of the immediate families of the Individual Defendants, directors and officers of Supervalu and the legal representatives, heirs, successors, or assigns of any such excluded Person. Also excluded from the Settlement Class are those persons who timely and validly requested exclusion from the Settlement Class pursuant to the "Notice of Pendency and Settlement of Class Action" sent to potential Settlement Class Members.

A Notice of Pendency and Proposed Settlement of Class Action and Notice of Motion for Attorneys' Fees and Expenses (the "Notice") and the Claim Forms (collectively with the Notice, the "Claim Packet") were mailed to all Settlement Class Members pursuant to the Order Preliminary Approving Settlement and Providing for Notice, dated May 5, 2004 (the "Preliminary Approval Order").

On August 17, 2004, the Court held a hearing to consider the proposed settlement, at which hearing the Court approved the proposed settlement as fair, just, reasonable, and adequate, and dismissed this action as against the Defendants, and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

Pursuant to the Preliminary Approval Order, Co-Lead Counsel retained A.B. Data, Ltd. ("A.B. Data"), a firm located in Milwaukee, Wisconsin and specializing in the administration of class action settlements, to print and mail copies of the Claim Packets to the Settlement Class Members, to publish a summary notice, to process the Claim Forms submitted by Settlement Class Members, and to effectuate distribution of the Net

Settlement Fund to the Settlement Class Members who submitted acceptable Claim Forms.

## CLAIMS ADMINISTRATION

Under the terms of the Stipulation, a cash settlement fund consisting of Four Million Dollars ($4,000,000) (the "Settlement Fund"), plus interest, if any, was established for the settlement of the class claims asserted against the Defendants. Pursuant to the Stipulation and the Notice, all Settlement Class Members wishing to participate in the Settlement Fund were required to submit Claim Forms by mail, postmarked on or before August 2, 2004. As demonstrated by the accompanying Affidavit of A.B. Data in support of Lead Plaintiffs' Motion for Distribution of Net Settlement Fund (the "A.B. Data Affidavit"), A.B. Data received and reviewed all submitted claims and, to the extent that a claim was deficient in any regard, A.B. Data notified the claimant of the deficiency and advised the claimant how to cure the deficiency. Where a claimant failed to cure a defective claim after notice, or where the claim showed that the claimant was not entitled to receive a share of the Net Settlement Fund, A.B. Data notified the claimant of the rejection of the claim and provided the claimant with notice of the method for the claimant to request this Court's review of A.B. Data's administrative determination rejecting the claim. Copies of sample deficiency and rejection letters are attached as Exhibits B through G to the A.B. Data Affidavit.

All rejection letters specifically provided that a claimant had the right, within twenty days after the mailing of the rejection, to contest the rejection and request a

hearing before the Court. At the time of this filing, one claimant has contested A.B. Data's administrative determination.

Claimant, Cambridge Options, has contested A.B. Data's administrative determination rejecting its claim to share in the settlement and has requested this Court's review of A.B. Data's administrative determination. See Exhibit K1 to the A.B. Data Affidavit. Under the Court-approved Plan of Allocation, if a claimant purchases or otherwise acquires shares of Supervalu common stock between July 12, 1999, through and including June 25, 2002, and sells those shares prior to June 26, 2002, the claim per share is $0.00. As can be readily determined from the supporting documentation supplied by Cambridge Options, see Exhibit K2 to the A.B. Data Affidavit, Cambridge Options sold all of its shares of Supervalu common stock during the Class Period. Accordingly, Cambridge Options' claim per share is $0.00. As such, Lead Plaintiffs respectfully request that the Court approve A.B. Data's administrative determination and reject Cambridge Options' claim.

In addition, approximately 2,169 claims were received after the August 2, 2004 submission deadline. None of these claims have been rejected because it was received after the initial submission deadline and we believe no delay has resulted from the acceptance of these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the

administrative determination not to reject claims submitted after the August 2, 2004 deadline because of lateness.

However, there must be a final cut-off after which no more claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court order that no claim submitted after February 6, 2006, a date during the preparation of this application, be accepted for any reason whatsoever. See In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 329 (3rd Cir. 2001) ("'There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'"") (citations omitted).

It is respectfully requested that the Court approve the administrative actions accepting and rejecting claims as set forth herein.

<u>FEES AND EXPENSES OF CLAIMS ADMINISTRATOR</u>

Pursuant to the Stipulation, and as described to Settlement Class Members in the Notice, Lead Plaintiffs reserved the right to apply for a supplemental award of fees and expenses incurred in connection with the administration and distribution of the Settlement. In addition, in this Court's Final Judgment and Order of Dismissal with Prejudice dated August 17, 2004 (the "Final Order"), the Court retained continuing jurisdiction over: "(a) implementation of this settlement; (b) disposition of the Settlement Proceeds and Net Settlement Proceeds; (c) hearing and determining applications for attorneys' fees, costs and expenses (including fees and costs of experts and/or

consultants) in the Litigation; and (d) all parties hereto for the purposes of construing, enforcing and administering the Stipulation."

Lead Plaintiffs request that the Court authorize payment of $265,772.52 to A.B. Data in payment of the balance of its fees and expenses for its services in mailing and publishing notice to the Settlement Class, processing the claims and distributing the Net Settlement Fund to Authorized Claimants, as requested in the A.B. Data Affidavit.

## DISTRIBUTION OF NET SETTLEMENT FUND

It is also respectfully requested that the Court enter an Order authorizing distribution of the balance of the Settlement Fund after the deduction of the fees and expenses previously awarded and requested herein (the "Net Settlement Fund") to the Settlement Class Members whose claims have been accepted as listed on the computer printout of accepted claims submitted with the A.B. Data Affidavit in proportion to the percentage of the Net Settlement Proceeds that each Authorized Claimant's claim is of the total of the claims of all Authorized Claimants as shown therein. See Exh. J to the A.B. Data Affidavit.

It is also respectfully requested that the Court bar any further claims against the Net Settlement Fund and release and discharge from any and all claims arising out of the claims administration, beyond the amount allocated to them, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund.

It is also respectfully requested that the Court approve the establishment of a contingency fund in the amount of $25,000.00 pursuant to paragraph 5.3(a) of the Stipulation. The contingency fund will be used to accommodate any contested claims or other unforeseen disputes or activities following the Settlement Fund distribution.

## DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE

It may be expected that not all of the payments to be distributed to Authorized Claimants will be cashed promptly. In order to encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Lead Plaintiffs propose that all the distribution drafts bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."

The Plan of Allocation for the Net Settlement Fund set forth in the Notice provides that payments will be distributed to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. In order to allow a final distribution of any balance that may remain in the Settlement Fund one year from distribution of the Net Settlement Fund to Authorized Claimants, after payment of claims administration costs as requested herein and after A.B. Data has made reasonable and diligent efforts to contact claimants who have not cashed their checks, Lead Plaintiffs propose that the Court authorize A.B. Data to:

    a.    if cost effective, re-distribute the remaining funds on a pro rata basis to the Settlement Class Members who have cashed his, her or its initial distribution check and who would receive at least $10.00 from such re-distribution and, six

months after any such re-distribution, donate any funds remaining in the Net Settlement Fund as follows: one half to the YMCA of the Greater Minneapolis area and one half to the YMCA of the Greater Little Rock area; or

      b.     if re-distribution described in paragraph 5(a) is not cost effective, donate any remaining funds in the Net Settlement Fund as follows: one half to the YMCA of the Greater Minneapolis area and one half to the YMCA of the Greater Little Rock Area.

## THE ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND SHOULD BE APPROVED

Lead Plaintiffs submit that the work performed by Co-Lead Counsel in connection with the administration of the Settlement, and the work performed by A.B. Data, as explained above, were conducted fairly and in accordance with the terms and provisions of the Stipulation. Accordingly, Lead Plaintiffs have moved for an Order: (a) approving the administrative determinations of A.B. Data accepting and rejecting claims submitted herein; (b) rejecting the claim of Cambridge Options; (c) directing payment to A.B. Data for the balance of its fees and expenses incurred and to be incurred in connection with the administration of the Settlement; (d) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Settlement Class Members whose claims have been accepted; and (e) authorizing destruction of paper copies of Claim Forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

## CONCLUSION

Lead Plaintiffs' Motion for Distribution of Net Settlement Fund should be approved.

Dated: February 21, 2006                                  Respectfully Submitted,

**ZIMMERMAN REED, P.L.L.P.**

s/ Carolyn G. Anderson
Carolyn G. Anderson #275712
Robert C. Moilanen #74263
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Tel: 612.341.0400

**REINHARDT WENDORF & BLANCHFIELD**
Garrett D. Blanchfield
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Tel: 651.287.2100

*Co-Liaison Counsel for Lead Plaintiffs and the Settlement Class*

**SCHIFFRIN & BARROWAY, LLP**
Michael K. Yarnoff, Esq.
Kay E. Sickles, Esq.
Mark S. Danek, Esq.
280 King of Prussia Road
Radnor, PA 19087
Tel: 610.667.7706

**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**
S. Gene Cauley, Esq.
11311 Arcade Drive, Suite 200
P.O. Box 25438
Little Rock, AR 72212

*Co-Lead Counsel for Lead Plaintiffs and the Settlement Class*